Eoin L. Kreditor (SBN 151131)
Brook John Changala (SBN 245079)
FITZGERALD KREDITOR BOLDUC
RISBROUGH LLP
2 Park Plaza, Suite 850
Irvine, CA 92615
Tel:  (949) 788-8900
Fax:  (949) 788-8980
bchangala@fkbrlegal.com
ekreditor@fkbrlegal.com

Attorneys for Defendants
ATC SEQUOIA, LLC;
PINNACLES CELLULAR, INC., DBA VERIZON WIRELESS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRICO BELTRAMINI; LAURA BELTRAMINI, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN TOWER (ATC), LLC, a Delaware limited liability company; ATC SEQUOIA, LLC, a Delaware limited liability company; PINNACLES CELLULAR, INC., a Delaware corporation, dba VERIZON WIRELESS; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.:  2:24-cv-01829-DJC-AC <br><br> Calaveras County Superior Court Case No.: 24CV47326 <br><br> **ANSWER OF DEFENDANTS ATC SEQUOIA, LLC AND PINNACLES CELLULAR, INC. DBA VERIZON WIRELESS TO COMPLAINT** <br><br> Judge: The Honorable Daniel J. Calabretta <br> Complaint Filed: April 17, 2024 <br> Complaint Served: June 6, 2024 <br> Notice of Removal Filed: July 1, 2024 <br><br> JURY TRIAL DEMANDED |

Defendants, ATC SEQUOIA, LLC ("Sequoia"), and PINNACLES CELLULAR, INC., DBA VERIZON WIRELESS ("Verizon" and collectively, the "Defendants"), answer the Complaint ("Complaint") of plaintiffs, Enrico Beltramini and Laura Beltramini (collectively the "Plaintiffs"), and allege as follows:

ANSWER TO COMPLAINT

1. In response to Paragraph 1 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 1 of the Complaint and based thereon deny such allegations.

2. In response to Paragraph 2 of the Complaint, Defendants admit American Tower (ATC), LLC, is a Delaware limited liability company. Except as expressly admitted, Defendants deny the allegations contained therein.

3. In response to Paragraph 3 of the Complaint, Defendants admit Sequoia is a Delaware limited liability company doing business in Calaveras County. Except as expressly admitted, Defendants deny the allegations contained therein.

4. In response to Paragraph 4 of the Complaint, Defendants admit the allegations of Paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 5 of the Complaint and based thereon deny such allegations.

6. In response to paragraph 6 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 6 of the Complaint and based thereon deny such allegations.

7. In response to paragraph 7 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 7 of the Complaint and based thereon deny such allegations.

8. In response to paragraph 8 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 8 of the Complaint and based thereon deny such allegations.

9. In response to Paragraph 9 of the Complaint, Defendants contend that the document speaks for itself. Other than that, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 9 of the Complaint and based thereon deny such allegations.

ANSWER TO COMPLAINT

10. In response to Paragraph 10 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 10 of the Complaint and based thereon deny such allegations.

11. In response to Paragraph 11 of the Complaint, Defendants admit the existence of an asphalt road running from the public right of way to the "Dick Property" as referred to in the Complaint (the "Asphalt Roadway"), but lack sufficient information or belief on which to admit or deny each and every other allegation contained in paragraph 11 of the Complaint and based thereon deny such allegations.

12. In response to Paragraph 12 of the Complaint, Defendants admit the existence of a dirt road contiguous to the asphalt road that leads to the Facility (defined below) (the "Dirt Roadway"), but lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 12 of the Complaint and based thereon deny such allegations.

13. In response to Paragraph 13 of the Complaint, Defendants admit their predecessors-in-interest installed, operated and maintained a wireless telecommunications and data facility (the "Facility") pursuant to the October 1, 1995 lease between it and Jim and Glenna Larson, and Defendants admit that Verizon became the successor-in-interest and further admit that subsequently Sequoia, through an agreement with Verizon Communication Inc., subleases the Facility and manages and operates it since on or about May, 2015, and Verizon continues to use the Facility. Except as expressly admitted, Defendants deny such allegations.

14. In response to Paragraph 14 of the Complaint, Defendants admit a Dirt Roadway from the Asphalt Roadway extends to the Facility. As to all other allegations, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 14 of the Complaint and based thereon deny such allegations.

15. In response to Paragraph 15 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 15 of the Complaint and based thereon deny such allegations.

ANSWER TO COMPLAINT

16. In response to Paragraph 16 of the Complaint, Defendants admit Verizon and Sequoia utilize the Dirt Roadway from the Asphalt Roadway to the Facility, but deny each and every other allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Defendants contend the document speaks for itself, and admit the Lease (as defined by the Complaint) was amended and that **Exhibit 3** is a true and correct copy of the Memorandum of Lease, but deny each and every other allegation contained therein.

18. In response to Paragraph 18 of the Complaint, the allegations contain conclusions of law that require no responsive pleading.  To the extent a response is required, Defendants deny each and every allegation.

19. In response to Paragraph 19 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 19 of the Complaint and based thereon deny such allegations.

20. In response to Paragraph 20 of the Complaint, Defendants lack sufficient information or belief on which to admit or deny the allegations contained in paragraph 20 of the Complaint and based thereon deny such allegations.

21. In response to Paragraph 21 of the Complaint, the allegations contain conclusions of law that require no responsive pleading.  To the extent a response is required, Defendants deny each and every allegation.

22. In response to Paragraph 22 of the Complaint, Defendants contend the document speaks for itself, and admit access to the Facility utilizes the Asphalt Roadway in part and the Dirt Roadway in part that burdens a portion of the Plaintiffs' property, but deny all other allegations contained therein.

## **FIRST CAUSE OF ACTION**

### **(Trespass by Plaintiffs against all Defendants)**

23. In response to Paragraph 23 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1-22, inclusive, as though fully set forth herein.

ANSWER TO COMPLAINT

24.    In response to Paragraph 24 of the Complaint, Defendants admit access to the Facility utilizes the Asphalt Roadway in part and the Dirt Roadway in part that burdens a portion of the Plaintiffs' property, but deny all other allegations contained therein.

25.    In response to Paragraph 25 of the Complaint, Defendants deny the allegations contained therein.

26.    In response to Paragraph 26 of the Complaint, Defendants admit Plaintiffs did not consent to or give permission for any entry upon the Dirt Roadway outside of any easement on the Plaintiffs' property and admonished Defendants, but deny each and every other allegation contained therein.

27.    In response to Paragraph 27 of the Complaint, Defendants admit they have expressed their intent to continue to use the access route utilized for decades to access and service the Facility, but deny each and every other allegation contained therein.

28.    In response to Paragraph 28 of the Complaint, Defendants deny the allegations contained therein.

29.    In response to Paragraph 29 of the Complaint, Defendants deny the allegations contained therein.

30.    In response to Paragraph 30 of the Complaint, Defendants deny the allegations contained therein.

31.    In response to Paragraph 31 of the Complaint, Defendants deny the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Quiet Title by Plaintiffs against all Defendants)

32.    In response to Paragraph 32 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1-31, inclusive, as though fully set forth herein.

33.    In response to Paragraph 33 of the Complaint, Defendants admit Sequoia and Verizon claim some right, title or interest in the Beltramini Property that is adverse to plaintiffs' title, but deny each and every other allegation contained therein.

ANSWER TO COMPLAINT

34. In response to Paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

35. In response to Paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

36. In response to Paragraph 36, the allegations contain conclusions of law that require no responsive pleading. To the extent a response is required, Defendants deny each and every allegation.

## THIRD CAUSE OF ACTION

### (Nuisance by Plaintiffs against All Defendants)

37. In response to Paragraph 37 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1-36, inclusive, as though fully set forth herein.

38. In response to Paragraph 38 of the Complaint, Defendants deny the allegations contained therein.

39. In response to Paragraph 39 of the Complaint, Defendants deny the allegations contained therein.

40. In response to Paragraph 40 of the Complaint, Defendants deny the allegations contained therein.

41. In response to Paragraph 41 of the Complaint, Defendants deny the allegations contained therein.

42. In response to Paragraph 42 of the Complaint, Defendants deny the allegations contained therein.

43. In response to Paragraph 43 of the Complaint, Defendants deny the allegations contained therein.

44. In response to Paragraph 44 of the Complaint, Defendants deny the allegations contained therein.

45. In response to Paragraph 45, the allegations contain conclusions of law that require no responsive pleading. To the extent a response is required, Defendants deny each and every allegation.

ANSWER TO COMPLAINT

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint, including but not limited to the relief outlined in paragraphs 1 through 9 on page 7 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action therein, fails to state a cause of action against Defendants upon which relief can be granted based on the affirmative defenses raised below.

## SECOND AFFIRMATIVE DEFENSE

### (Offset)

Defendants have suffered damage by reason of Plaintiffs' conduct, and have the right of offset if any amount of money is found to be due to Plaintiffs by way of damage to them.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs are not entitled to the damages sought in the Complaint to the extent Plaintiffs have and/or continue to have the ability and opportunity to mitigate damages related to the subject matter of this action and has failed or refused to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Apportionment)

Defendants are informed and believe and thereon allege that Plaintiffs' acts and omissions, including Plaintiffs' agents, servants, and employees acting within the course and scope of their agency or employment, and others, contributed to the alleged damages, injury, or loss, if any, sustained by Plaintiffs. Defendants request the Court apply the principles of apportionment to permit the Court or jury to apportion liability according to fault against any damages awarded to Plaintiffs.

ANSWER TO COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

To the extent that the Complaint seeks equitable relief, Plaintiffs' inequitable conduct constitutes unclean hands and therefore bars the relief requested in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants are informed and believe and thereon allege that Plaintiffs have engaged in conduct that constitutes a waiver of their rights alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Release)

Defendants are informed and believe and thereon allege that Plaintiffs' actions constituted a full release and waiver of any and all claims that Plaintiff may have had against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

The Complaint, and each purported cause of action therein, is barred because Plaintiffs have engaged in acts and courses of conduct that rendered it *in pari delicto*.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

The Complaint, and each purported cause of action therein, is barred under the doctrine of equitable estoppel by reason of acts, omissions, representations, and courses of conduct by Plaintiffs, by which Defendants were led to rely to their detriment.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants acted in good faith, and neither directly nor indirectly performed any acts which would constitute a violation of any laws or regulations or a violation of any right, contractual or otherwise, or any duty owed to Plaintiffs.

/ / /

/ / /

ANSWER TO COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

The conduct of Defendants, or either of them, was at all times justified and privileged.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure Sections 338, 339, 340 and all other applicable statutes of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prescriptive Easement)

As a Thirteenth separate and distinct affirmative defense, Defendants are informed, believe, and based thereon allege that Plaintiffs' claims are barred by the doctrine of prescriptive easement.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

As a Fourteenth separate and distinct affirmative defense, Defendants allege that Plaintiffs have not been damaged in the sums or manner alleged, or in any sum or manner, or at all.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Justification / Excuse)

Defendants allege that by virtue of the acts of the Plaintiffs, and/or the persons and/or entities acting on their behalf, Plaintiffs are barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Not Substantial and Unreasonable)

Defendants allege that Defendants' acts were not substantial and not unreasonable, and were not such as would be offensive or inconvenient to the normal person.

ANSWER TO COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Future Defenses)

Defendants allege that Plaintiffs have failed to set out their purported causes of action with sufficient particularity to permit Defendants to raise all appropriate affirmative defenses, and therefore, Defendants reserve their right to amend or supplement this Answer with additional affirmative defenses. Defendants also reserve the right to raise additional affirmative defenses at the trial of this matter.

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing by way of the Complaint;

2.    That judgment be entered in favor of Defendants and against Plaintiffs;

3.    For costs of suit and attorneys fees incurred; and

4.    For such other and further relief the Court may deem just and proper.


DATED:  August 5, 2024                    Respectfully submitted,

FITZGERALD KREDITOR
BOLDUC RISBROUGH LLP

By:_____

Eoin L. Kreditor
Brook John Changala
Attorneys for Defendants
ATC SEQUIOA, LLC
PINNACLES CELLULAR, INC., DBA VERIZON
WIRELESS

ANSWER TO COMPLAINT

## **Demand for a Jury Trial**

Defendants respectfully request a jury trial.


DATED:  August 5, 2024                              Respectfully submitted,

                                                    FITZGERALD KREDITOR
                                                    BOLDUC RISBROUGH LLP


                                        By:_____
                                                    Eoin L. Kreditor
                                                    Brook John Changala
                                                    Attorneys for Defendants
                                                    ATC SEQUIOA, LLC
                                                    PINNACLES CELLULAR, INC., DBA VERIZON
                                                    WIRELESS

ANSWER TO COMPLAINT